FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 APR 20 P 12: 15
CLERK'S OFFICE
AT GREENBELT
BY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

VIRGIL CURVEY,

    Plaintiff,

v.    Civil Action No. GJH-17-215

SHANKSTER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This self-represented prisoner civil rights Complaint, originally received for filing on January 24, 2017, and supplemented on January 27, 2017, raises a constitutional challenge to the conditions of Plaintiff Virgil Curvey's pre-trial detention between 2009 and 2010. Plaintiff, who is currently confined in the Roxbury Correctional Institution in Hagerstown, Maryland, ECF No. 1 ¶ 3, invokes this Court's jurisdiction under 28 U.S.C. § 1343, ECF No. 1 ¶ 1. The cause of action against Charles County, Maryland Defendants is construed as a 42 U.S.C. § 1983 Complaint. The Supplemental Complaint was accompanied by Motions for Leave to Proceed in Forma Pauperis, ECF No. 3, and to Appoint Counsel, ECF No. 4. Plaintiff may proceed *in forma pauperis*, as he appears indigent, but for the following reasons, his Motion to Appoint Counsel shall be denied and his Complaint shall summarily be dismissed.

**I.    BACKGROUND**

Plaintiff alleges that in August of 2009, while being held as a pre-trial detainee in the Charles County Detention Center ("CCDC"), he was removed from general population and assigned to a small cell in the back of the medical section, so that he was "removed from any

access to use the phones." ECF No. 1 ¶ 14. Plaintiff contends that he did not receive a hearing prior to the assignment nor was there any court order that mandated his placement out of general population. *Id.* ¶ 16. He alleges that he remained so assigned for approximately seventeen months, or until December of 2010, and was denied outdoor recreation and the "normal" activities of the jail, such as congregational religious services, recreational functions, television viewing, and communal meals. *Id.* ¶ 17–18, 23. He affirms that he posed no security threat to the jail. *Id.* ¶ 18. In his Supplemental Complaint, Plaintiff reiterates his original claims, but now states that from within the "first three to four months" of his CCDC detention he was taken out of general population and placed in a cell in the back of the medical area for fourteen to fifteen months resulting in a diminished mental capacity. ECF No. 2 at 4.[1]

## II. STANDARD OF REVIEW

28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *Brown v. State of Maryland*, No. GJH-16-1272, 2016 WL 2688840, at *1 (D. Md. May 9, 2016); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## III. DISCUSSION

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Because no federal statute of limitations for § 1983 actions exists, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Burnett v. Grattan*, 468 U.S. 42, 49 (1984); *Chardon v. Fumero Soto*, 462 U.S. 650, 655–656 (1983); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464 (1975). Maryland's general three-year statute of limitations for civil actions is thus most applicable to Plaintiff's claim. *Fields v. Montgomery Cty.*, No. CIV.A. DKC-13-3477, 2014 WL 4231164, at *3 (D. Md. Aug. 26, 2014) (citing Md. Code, Cts. & Jud. Proc., § 5-101). Federal law governs the question of when a cause of action accrues under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under the general rule, the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.*

Here, Plaintiff claims that he was detained at CCDC from February of 2009 through January of 2011. ECF No. 2 at 4. He alleges that in August of 2009, he was removed from general population and housed in "a small cell in the back of the medical section." ECF No. 1 ¶ 13. Plaintiff allegedly remained there until December of 2010. *Id.* ¶ 17. He did not file this action until more than six years later. *See generally* ECF No. 1. Therefore, as evident from the face of the Complaint, Plaintiff's claims against Defendants are time-barred.[2]

---

[2] Although Plaintiff claims that his isolated housing at CCDC resulted in his experiencing a "diminished" psychological capacity and his being prescribed the antipsychotic and antidepressant medications Thorazine, Risperdal and Prozac, at no point does he show any link between his alleged mental condition and his failure to file a timely claim.

3

Plaintiff also seeks the appointment of counsel. ECF No. 4. He claims that he is unable to afford counsel, the case involves complex issues, he has extremely limited access to the law library, he has unsuccessfully attempted to contact numerous attorneys for representation, and he has limited knowledge of the law. *Id.* at 1.

Although 28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent an indigent litigant, the Court will request appointment of counsel only where the case presents complex issues or other exceptional circumstances. *See Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *2 (D. Md. Jan. 13, 2012) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)). Exceptional circumstances include a litigant who "is barely able to read or write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it." *See Altevogt*, 2012 WL 135283, at *2 (citing *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008)). Here, Curvey has demonstrated his ability to present his claims and file motions in this litigation. Additionally, the issues in this case are not particularly complex. *See Waddell v. Maryland Pre-Trial Div.*, No. CV DKC-15-3286, 2017 WL 550033, at *8 (D. Md. Feb. 10, 2017) (denying motion to appoint counsel where litigant inmate capably filed motions and excessive force case was not complex). Therefore, no exceptional circumstances exist, and Plaintiff's Motion to Appoint Counsel is denied.

### IV. CONCLUSION

This case, which alleges that Plaintiff was subject to unconstitutional conditions of pre-trial detention, is untimely and is subject to summary dismissal by the Court pursuant to 28

U.S.C. § 1915A(b). The Motion to Appoint Counsel shall also be denied. A separate Order follows.

Date: April 20, 2017

/s/
GEORGE J. HAZEL
United States District Judge